UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON EDWARD BELCHER,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Defendant. | CAUSE NO. 3:26-CV-1398-JTM-JEM |

OPINION AND ORDER

Aaron Edward Belcher, a prisoner without a lawyer, initiated this case by filing a motion to extend the limitations period to file a motion pursuant to 28 U.S.C. § 2255. (DE # 1.) He explains that he needs additional time to prepare a motion under 28 U.S.C. § 2255 to challenge his State court conviction. The statute of limitations for such motions is set forth in 28 U.S.C. § 2255(f); *see also* 28 U.S.C. § 2244(d) (limitations period for habeas petition challenging State court conviction).

Significantly, "[d]istrict judges lack authority to extend statutory periods of limitations." *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011). It is also unclear why Belcher would file a Section 2255 motion to challenge a State court conviction. *Compare* 28 U.S.C. § 2255 (governing motions challenging federal convictions), *with* 28 U.S.C. § 2254 (governing habeas petitions challenging State convictions). Therefore, the motion to extend is denied.

Moreover, this case lacks an initial pleading setting forth Belcher's claims. *See* Fed. R. Civ. P. 3. Belcher has expressed concerns regarding timeliness, but allowing this

case to remain open does not address these concerns. Timeliness is assessed from the date the motion or petition challenging the conviction is filed, not from the date a case is administratively opened. *See e.g., Patterson v. Adkins*, 124 F.4th 1035, 1045 (7th Cir. 2025) (timeliness calculation using the date on which the petition was filed); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (same). Therefore, the court will close this case, but without prejudice to any future challenge by Belcher to his State court conviction in federal court.

For these reasons, the court:

(1) **DENIES** the motion to extend (DE # 1); and

(2) **DIRECTS** the clerk to close this case.

**SO ORDERED.**

Date: September 28, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT